IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DONALD BONUCHI and, ) | Case No. 04-21387-drd-7 |
| CINDY BONUCHI, ) | |
| Debtors. ) | Adv. No. 04-2044-drd |
| ) | |
| _____ ) | |
| ) | |
| JANICE A. HARDER, Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| HARTFORD LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

The Chapter 7 Trustee ("Trustee") filed a Complaint for Turnover Order and an Objection to Debtors' Claimed Exemption relating to an annuity. The case was submitted on a Stipulation of Facts. Debtor Donald Bonuchi ("Debtor") claimed payments from an annuity as exempt and Trustee objected to the claimed exemption and filed a complaint against the issuer of the annuity for turnover of the funds when due. These are core proceedings under 28 U.S.C. § 157(b)(2)(B) and (E) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that Debtor's annuity is not exempt except to the extent reasonably necessary for the support of Debtor and any dependent of Debtor. *See* Mo. Rev. Stat. § 513.430(10)(e). The amount reasonably necessary for the support of Debtor and any dependent of Debtor will be determined after an evidentiary hearing.

I. FACTUAL BACKGROUND

Debtor sustained an injury while in the course and scope of employment at Premium Standard Foods on February 14, 1995.[1] Debtor filed a workers' compensation claim with Premium and a civil action against Premium's insurance carrier, Hartford Fire Insurance Company, alleging various tort claims related to the injury and the settlement of the workers' compensation claim.[2] The workers' compensation claim and the tort action were resolved by a compromise settlement approved by the Missouri Department of Labor and Industrial Relations on March 26, 1998 ("Settlement Agreement").[3]

Pursuant to the Settlement Agreement, Hartford Fire purchased an annuity from Hartford Life. Hartford Fire is the owner of the annuity, Hartford Life is the issuer and Debtor is the designated payee.[4] The Settlement Agreement provided for a lump sum of $200,000 payable on March 26, 1998; a monthly annuity of $2,144.93 payable for the life of Debtor commencing on May 13, 1998; four annual payments of $10,000 beginning on July 13, 2005; and four annual payments of $10,000 beginning on July 13, 2006.[5]

On June 4, 2004, Debtors filed a bankruptcy petition pursuant to Chapter 7 of the Bankruptcy Code.[6] In their Amended Schedule C, Debtors have claimed the entire value of the

---

[1] Stipulation of Facts ("Stipulation"), ¶ 4.

[2] Stipulation, ¶ 5.

[3] Stipulation, ¶ 5.

[4] Stipulation, ¶ 7.

[5] Stipulation, ¶ 8.

[6] Stipulation, ¶ 1.

annuity exempt pursuant to Mo. Rev. Stat. §§ 407.1062, 513.427 and 287.260.[7] Trustee filed an objection to the claimed exemption for the annuity as well as an adversary proceeding against Hartford Life ("Defendant") for turnover of the annuity funds as they come due.[8]

## II. DISCUSSION

Section 522 of the Bankruptcy Code provides for exemptions which a debtor may claim from property of the estate, but provides a state with the opportunity to "opt out" of the federal exemption scheme and provide for its own exemptions. *See* 11 U.S.C. § 522. Missouri has "opted out" of the federal scheme, thus requiring a debtor to clam only those exemptions allowed under state law or federal non-bankruptcy law. *See* Mo. Rev. Stat. § 513.427. Missouri courts have held that any property exempt from attachment or execution is exempt in bankruptcy proceedings. *See, e.g., In re Mitchell*, 73 B.R. 93 (Bankr. E.D. Mo. 1987). Missouri Revised Statutes § 287.260 states that "compensation *payable* under [the Workers Compensation Law], whether or not it has been awarded or is due, shall not be assignable, shall be exempt from attachment, garnishment and execution, shall not be subject to set-off or counterclaim, or in any way liable for any debt. . . ."

The exemption laws are enacted to provide relief to the debtor and are liberally construed in favor of the debtor. *In re Schissler*, 250 B.R. 697, 700 (Bankr. W.D. Mo. 2000); *In re Turner*, 44 B.R. 118, 119 (Bankr. W.D. Mo. 1984). As the party objecting to the exemption, the Trustee has the burden of proof that the exemption should not be allowed. Fed. R. Bankr. Proc. 4003(c).

### Mo. Rev. Stat. § 287.260

---

[7]Stipulation, ¶ 2.

[8]Stipulation, ¶ 3.

Debtor and Defendant assert that the workers' compensation portion of Debtor's Settlement Agreement is exempt from attachment, garnishment and execution under Missouri law and thus exempt in Debtor's bankruptcy proceeding pursuant to Mo. Rev. Stat. § 287.260.[9]

Trustee argues that Debtor's workers' compensation award is not *payable* because it was liquidated when it was paid into the annuity with Debtor as the named beneficiary. Thus, Trustee argues that because the award is no longer "payable", it is not exempt under Mo. Rev. Stat. § 287.260. Trustee asserts that the annuity payments are governed by Mo. Rev. Stat. § 513.430(10)(e) which provides that a debtor may exempt the debtor's right to an "annuity or similar plan or contract on account of illness, disability, debt, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person. . . ." Further, Trustee asserts that Debtor has not shown that the lump sum payments are reasonably necessary for the support of Debtor or his dependents.

The issue here is whether the workers' compensation portion of the annuity payments is exempt pursuant to Mo. Rev. Stat. § 287.260. The Court agrees with Trustee that *SSM Health Care System v. Bartel*, 914 S.W.2d 8 (Mo. Ct. App. 1995) is on point. In *SSM*, the debtor and her employer reached a settlement agreement concerning a work-related injury suffered by debtor. The settlement required a $40,000 lump sum payment for compensation, with $17,025.20 paid directly to the debtor's attorney and the remaining $22,974.80 to be placed in an

---

[9]Section 287.260.1 reads: The compensation payable under this chapter, whether or not it has been awarded or is due, shall not be assignable, shall be exempt from attachment, garnishment, and execution, shall not be subject to setoff or counterclaim, or be in any way liable for any debt and in case of insolvency of an employer or insurer, or the levy of an attachment or an execution against an employer or insurer shall be entitled to the same preference and priority as claims for wages, without limit as to time or amount, except that if written notice is given to the division or the commission of the nature and extent thereof, the division or the commission may allow as lien on the compensation, reasonable attorney's fees for services in connection with the proceedings for compensation if the services are found to be necessary and may order the amount thereof paid to the attorney in a lump sum or in installments. . . .

irrevocable trust with the debtor named as beneficiary. The Division of Workers' Compensation approved the settlement. Subsequently, SSM filed a complaint and asserted that the transaction was fraudulent because it failed to comply with the relevant statutes. The debtor and a co-trustee of the trust agreement asserted that the funds were exempt pursuant to § 287.260. The court of appeals held that the exemption does not protect Missouri workers' compensation benefits once paid to the claimant pursuant to the plain language of § 287.260, which protects only the compensation *payable* under the workers' compensation law, whether or not it has been awarded or is due. *See SSM*, 914 S.W.2d at 10; *cf. also*, *Duzan v. Cantley*, 55 S.W.2d 711 (Mo. Ct. App. 1932); *cf. also*, Federal Social Security Law, 42 U.S.C. § 407 (exempting social security benefits "paid or payable"). Presumably, because the funds were paid into a trust, the *SSM* court determined that the benefits paid into the trust with the debtor named as the beneficiary were paid to the debtor and thus no longer "payable" under the statutory language.

Similarly, in this case, Debtor and his employer reached a settlement agreement concerning a work-related injury to Debtor and the lump sum compensation was to be placed in an annuity with Debtor named as beneficiary. Once the lump sum compensation was placed in the annuity it was liquidated and no longer "payable" to Debtor, and Debtor was free to assign or transfer his interest in the payments. Thus, the amount placed in the annuity was no longer exempt pursuant to § 287.260. *See SSM*, 914 S.W.2d at 10. Defendant argues that *SSM* is distinguishable from this case because in *SSM*, the funds were paid directly to the debtor. However, that assertion is incorrect. The funds in *SSM* were placed in a trust with the debtor named as the beneficiary. This seems to the Court to be indistinguishable from the situation here in which the funds were used to purchase an annuity with Debtor named as payee. *See id.* at 9.

5

Defendant cites *In re Jackson*, 173 B.R. 168 (Bankr. E.D. Mo. 1994) for the proposition that workers' compensation payments are exempt from attachment and execution and thus exempt in bankruptcy. However, the claim at issue in that case was unliquidated at the time the bankruptcy was filed and still payable to the debtor. As already discussed, the claim at issue here was liquidated when paid into the annuity with Debtor as payee and thus, no longer "payable."

Defendant also argues that Trustee's turnover request would subvert the purpose of the workers' compensation statute which is to compensate workers for job-related injuries. *See Elrod v. Treasurer of Missouri as Custodian of the Second Injury Fund*, 138 S.W.3d 714, 716 (Mo. 2004). However, as Defendant concedes in its brief[10], the workers' compensation exemption protects Missouri workers' compensation benefits only until paid to the claimant. As discussed above, the funds at issue were liquidated and paid to Debtor when they were paid into an annuity with Debtor named as the payee. *See SSM*, 914 S.W.2d at 10-11. In *SSM*, the court recognized the policy in Missouri that workers' compensation is intended to supply an injured employee with sufficient funds to function, as well as the statutorily imposed policies that the provisions of the Missouri Workers' Compensation Law be liberally construed with a view to public welfare, but determined that these policies cannot defeat the clear and unambiguous meaning of the statute. *Id.* at 11. Accordingly, pursuant to the plain language of § 287.260, the funds were no loner *payable* to Debtor once they were liquidated and paid into an annuity with Debtor named as payee.

This finding does not rule out the possibility that some or all of the amount in the annuity may be exempt under § 513.430(10)(e). Debtor may exempt his right to an "annuity or similar

---

[10] Defendant's Brief in Opposition to Trustee's Complaint for Turnover, p. 4.

plan or contract on account of illness, disability, debt, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person. . . ." Because this is an annuity on account of disability, the Court must determine to what extent, if any, the annuity payments are reasonably necessary for the support of Debtor and any such dependent of Debtor. In order to make that determination, the Court will hold an evidentiary hearing on the issue.

### Mo. Rev. Stat. §§ 513.427 and 407.1062

Debtor asserts that because the annuity payments are in the form of structured settlement payments pursuant to Mo. Rev. Stat. § 407.1060(9) of Missouri's Structured Settlement Act they are exempt. The statute, however, does not say so. Debtor asks the Court to reach this conclusion based on a multi-tiered argument, observing first that Mo. Rev. Stat. § 513.427 allows debtors to claim exemptions created by either statutory or common law. Debtor next points out that courts have held that property in Missouri is exempt if it is not subject to attachment or execution by creditors and that property which is not assignable is not subject to attachment or execution, and is therefore exempt.[11] Finally, Debtor argues that because the annuity payments are in the form of structured settlement payments and that Mo. Rev. Stat. § 407.1062, which governs such payments, restricts the assignability of structured settlement payments, such payments are not subject to attachment or execution and thus, are exempt in bankruptcy.

This Court is willing to assume for this purpose that the annuity payments at issue are in the form of structured settlement payments. The Court agrees that Mo. Rev. Stat. § 513.427

---

[11]Debtors' Brief Concerning Exemptions, p. 3

7

allows debtors to claim exemptions created by either statutory or common law. The Court also agrees with Debtor's assertion that Missouri courts have held that property in Missouri is exempt if it is not subject to attachment or execution by creditors and that property which is not assignable is not subject to attachment or execution, and is therefore exempt in bankruptcy. *See, e.g., In re Arnold*, 193 B.R. 897 (Bankr. W.D. Mo. 1996); *In re Searcy*, 193 B.R. 895 (Bankr. W.D. Mo. 1996); *Scarlett v. Barnes*, 121 B.R. 578 (Bankr. W.D. Mo. 1990). However, the Court does not agree that the restrictions on the assignability of structured settlement payments under the Missouri Structured Settlement Act cause the payments to be exempt. Although the assignability of structured settlement payments is contingent upon court approval and must meet certain criteria, structured settlement payments are clearly assignable under Mo. Rev. Stat. § 407.1062. The Missouri legislature could have made clear that such payments are not subject to attachment or execution or prohibited their assignment altogether. It has done neither. On the other hand, the legislature has determined that payments under an annuity on account of disability are not exempt in their entirety but only to the extent necessary for the support of the debtor or his dependents. Debtor has not provided any legal support for the argument that restrictions on the assignability of structured settlement payments cause such payments to become exempt from attachment or execution and therefore, exempt in bankruptcy.

## Mo. Rev. Stat. § 287.128

Finally, Defendant argues that it would be subject to penalties under Mo. Rev. Stat. § 287.128 if it does not promptly and properly make the workers' compensation payments to Debtor. That statute provides that it is unlawful to "intentionally refuse to comply with known and legally indisputable compensation obligations." Clearly, this Court's decision and order on

the workers' compensation issue becomes the legal obligation of the parties, and, by complying with this Court's order, Defendant would not be guilty of failing to comply with "legally indisputable" compensation obligations. The annuity payments became property of the estate upon the filing of the petition subject to turnover to the trustee who is the representative of the estate, subject only to a claim of exemption, a claim which this Court has now rejected, except to the extent it may find the payments, or some portion of them, to be necessary for the support of Debtor or his dependents.

For all of the above reasons, I find that Debtor's annuity payments are not exempt pursuant to Mo. Rev. Stat. §§ 287.260, 407.1062 or 513.427. The annuity payments may be exempt under Mo. Rev. Stat. § 513.430(10)(e) to the extent reasonably necessary for the support of Debtor and any dependent of Debtor, and that issue will be determined after an evidentiary hearing.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated: <u>March 22, 2005</u>             /s/ Dennis R. Dow

                                         THE HONORABLE DENNIS R. DOW
                                         UNITED STATES BANKRUPTCY JUDGE

Copies to:

Dianna C. Carter
Janice A. Harder
J. Brian Baehr